## Bourne v. Bourne.

June 25, 1948.

Rehearing denied October 5, 1948.

H. Clay Kauffman for appellant.

Pat Rankin for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This is a divorce action, and the principal controversy involves the right of the wife to a one-half interest in a home purchased by the husband. The Chancellor granted the husband a divorce, adjudged that he pay the wife

$1,200.00 by way of reimbursement, and denied her any interest in his real estate. Both parties appeal.

This couple married in 1938, the wife at that time being a divorcee with a young daughter. Each of the parties was then employed, and the wife continued to and still is working. Prior to 1942 when the husband joined the army, out of her earnings she paid most of the living expenses of the parties, including her clothes, grocery bills, and other incidentals. During that period the husband paid the rent, fuel, light and water bills. Not long after their marriage he purchased a house for $2,800.00, which now has an estimated value of approximately $7,500.00. The parties have made this house their home since the date of its purchase, and all the payments thereon were made by the husband, or out of his funds. They seem to have been happily married prior to the time he joined the army.

While he was in service the wife had an opportunity to sell the home, and she discovered that the deed was in his name only. She testified in substance that her husband had agreed that if she would pay the living expenses he would pay for the house and she would have a one-half interest in it. After discovering that the deed was in his name, she apparently wrote to him from time to time regarding this subject. In her letters while he was overseas she also made several requests for more money. Upon his return the property subject seems to have become a bone of contention between the parties. The wife finally issued to the husband a written ultimatum demanding that she be deeded one-half interest in the house and that certain other money and insurance matters be settled. This was never done, and the wife filed the divorce action.

Her cause of action and the husband's counterclaim were each based on cruel and inhuman treatment, although the husband stated an additional ground of abandonment. We, of course, cannot go behind the decree granting the divorce, but have considered all of the evidence to determine whether or not the Chancellor erroneously settled the property rights of the parties. It would serve no useful purpose to expound the evidence in detail. The Chancellor made a part of the record an excellent opinion wherein the proof was care-

60

fully analyzed. The evidence fully justifies his finding that the wife's attitude was the principal cause of the breakdown of this marriage.

The evidence also amply supports the Chancellor's determination that there was no actual agreement between the parties to the effect that the wife was to have a one-half interest in the real estate. In this respect the judgment was proper.

It appears the wife had expended $2,000.00 for household expenses, but of this amount approximately $800.00 had been received from her husband as his contribution to the allotments paid while he was in the service. On this basis the Chancellor determined that the wife should be reimbursed in the sum of $1,200.00, since it was the husband's legal obligation to pay the living expenses. The husband insists on his cross-appeal that no reimbursement should have been made to the wife because, while she had expended $2,000.00, he had actually turned over to her the total sum of more than $3,000.00. This contention is without merit because the $3,000.00 furnished by the husband was not repayment to the wife, but constituted additional expenditures for the parties' maintenance. After a careful consideration of all the evidence and the equities of the parties, it is our conclusion that the Chancellor reached a most fair adjustment of their respective rights.

For the reasons stated, the judgment is affirmed on the original and the cross-appeals.